**UNITED STATES DISTRICT COURTM**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**CHRISTOPHER THOMPSON**
**and LAUREN THOMPSON ,**

      **Plaintiffs,**

vs.

**MERCHANDISING**
**SOLUTIONS GROUP, INC.,**

      **Defendants.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, CHRISTOPHER THOMPSON and LAUREN THOMPSON, by and through the undersigned attorney, sue the Defendant, MERCHANDISING SOLUTIONS GROUP, INC., and allege:

1. Plaintiffs were employees of Defendant, and bring this action for unpaid overtime compensation, declaratory relief, minimum wages, unpaid wages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

**GENERAL ALLEGATIONS**

2. Plaintiff, CHRISTOPHER THOMPSON, was employed by Defendant from October 2018 through July 2019.

3. Plaintiff, LAUREN THOMPSON, was employed by Defendant from June 2019 through July 2019.

4. While working for Defendant, Plaintiffs were paid by the hour as "independent contractors."

5. Defendant, MERCHANDISING SOLUTIONS GROUP, INC. is a Delaware Corporation that operates and conducts business in, among other locations, Atlanta, Georgia and is therefore, within the jurisdiction of this Court.

6. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

8. During Plaintiffs employment with Defendant, Defendant, MERCHANDISING SOLUTIONS GROUP, INC., earned more than $500,000.00 per year in gross sales.

9. During Plaintiffs employment with Defendant, Defendant, MERCHANDISING SOLUTIONS GROUP, INC. employed two or more employees which handled goods, materials and supplies which had travelled in

interstate commerce.

10.     Included in such goods, materials and supplies were construction materials and supplies, ladders, vehicles, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

11.     Therefore, Defendant, MERCHANDISING SOLUTIONS GROUP, INC., is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA Violations

12.     At all times relevant to this action, Defendant failed to comply with the FLSA by misclassifying Plaintiffs as independent contractors and by failing to pay overtime compensation to Plaintiffs for overtime hours worked.

13.     During their employment with Defendant, Plaintiffs were paid by the hour.

14.     If Plaintiffs worked overtime hours, they were only paid their regular hourly rate for such overtime hours worked, <u>not</u> time and one half of their hourly rate.

15.     Defendant classified Plaintiffs as independent contractors.

16.     However, Defendant controlled Plaintiffs duties.

17. Defendant selected the jobs to accomplish, materials to use, and how each project was set to be done.

18. Defendant dictated the pay that Plaintiffs would receive.

19. Since Plaintiffs were paid by the hour, they could not use their managerial skill to increase their profits from their work with Defendant.

20. Defendant provided all equipment and materials used by the Plaintiffs.

21. Plaintiffs' job duties were to assist and oversee the installation of Dollar General Store operations for new stores and store remodels.

22. Plaintiffs work performed for Defendant was permanent work and not temporary work. Before a completion of one project, Defendant would inform Plaintiffs of where their next project would be.

23. Plaintiffs were an integral part of Defendants' business because without Plaintiffs, Defendant's customers would not be served.

24. As such, Plaintiffs were truly employees of Defendants under the FLSA and are entitled to complete overtime compensation for the overtime hours worked by them.

25. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiffs are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

26. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-25 above.

27. Plaintiffs were entitled to be paid overtime compensation for their overtime hours worked.

28. During their employment with Defendant, Plaintiffs were misclassified as independent contractors and were not compensated for hours worked in excess of forty (40) per week.

29. Defendant did not have a good faith basis for their decision to classify Plaintiffs as independent contractors.

30. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiffs overtime compensation, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

31. As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

32. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, CHRISTOPHER THOMPSON and LAUREN THOMSPN, demand judgment against Defendant for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs

incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 29th day of December, 2021.

>           **/s/ C. Ryan Morgan**
>           C. Ryan Morgan, Esq.
>           Georgia Bar No. 711884
>           Morgan & Morgan, P.A.
>           20 N. Orange Ave., 15th Floor
>           P.O. Box 4979
>           Orlando, FL 32802-4979
>           T: (407) 420-1414
>           F: (407) 245-3401
>           E: RMorgan@forthepeople.com
>           ***Attorneys for Plaintiff***